**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **SONYA BROWN** | **CIVIL DOCKET NO. 6:23-CV-00855** |
| **VERSUS** | **JUDGE DAVID C JOSEPH** |
| **CITY OF PATTERSON ET AL** | **MAGISTRATE JUDGE WHITEHURST** |

## SCHEDULING ORDER

The following case-specific deadlines are hereby set in accordance with Fed. R. Civ. P. 16(b).  If you have any questions about the rules or deadlines fixed by this order or otherwise wish to contact chambers, you may reach Judge Joseph's chambers by calling (337) 593-5050.  You may also reach the Magistrate Judge's chambers by dialing the main line for those chambers.

| | |
|---|---|
| JURY TRIAL: | February 3, 2025 at 9:00 a.m. in Lafayette, Courtroom 1, before Judge David C. Joseph. (Counsel shall report to the judge's chambers 30 minutes prior to the start of trial.) |
| PRE-TRIAL CONFERENCE ("PTC"): | January 15, 2025 at 1:30 p.m. in chambers (Lafayette) before Judge David C. Joseph. |

| PRE-TRIAL DEADLINES: | | FOR: |
|---|---|---|
| 6/20/2024<br>210 days before the PTC | 1. | **Joinder of Parties and Amendment of Pleadings.** *See* Fed. R. Civ. P. 14 and 15. |
| 6/20/2024<br>210 days before the PTC | 2. | **Plaintiff's Expert Reports/Disclosures.** *See* Fed. R. Civ. P. 26(a)(2).  Counsel are cautioned that failure to disclose expert testimony in conformity with Fed. R. Civ. P. 26(a)(2) may result in sanctions. *See* Fed. R. Civ. P. 37(c)(1). |
| 7/19/2024<br>180 days before the PTC | 3. | **Defendant's Expert Reports/Disclosures.** *See* Fed. R. Civ. P. 26(a)(2).  Counsel are cautioned that failure to disclose expert testimony in conformity with Fed. R. Civ. P. 26(a)(2) may result in sanctions. *See* Fed. R. Civ. P. 37(c)(1). |
| 8/19/2024<br>150 days before the PTC | 4. | **Discovery Deadline.** |

| | | |
|---|---|---|
| 9/17/2024<br>120 days before the PTC | 5. | **Dispositive Motions.** Dispositive motions must be filed by this date. **Note: Parties may file only one (1) motion pursuant to Fed. R. Civ. P. 56**. *See* Standing Order in Civil Cases. |
| 9/17/2024<br>120 days before the PTC | 6. | *Daubert* **Motions.** *Daubert* motions must be filed by this date. *Daubert* motions are challenges to expert testimony and exhibits or demonstrative aids based upon grounds that they are not relevant or reliable under the standards set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999). |
| 12/16/2024<br>30 days before the PTC | 7. | **Motions in Limine.** Motions in Limine must be filed by this date.  Any response must be filed within seven (7) days.<br><br>**Note:** Motions in Limine shall only be filed pertaining to issues: (i) amenable to pre-trial determination by the Court, (ii) which cannot adequately be resolved by contemporaneous objection or at sidebar during trial, and (iii) which seek exclusion of evidence so highly prejudicial to the moving party that a timely motion to strike or an instruction by the Court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds.  <u>Motions in Limine that do not meet these criteria will be summarily denied and the issues raised therein reserved for trial.</u> |
| 1/8/2025<br>7 days before the PTC | 8. | **Joint Pre-Trial Order.** The joint Pre-Trial Order (and all required attachments) must be filed with the Clerk of Court by this date.  A fillable form for this report is available at http://www.lawd.uscourts.gov under the Chambers tab for Judge David C. Joseph.  A copy of the Pre-Trial Order (and all required attachments) must be submitted via e-mail in Word format to: joseph_motions@lawd.uscourts.gov. |

**For Jury Trials:**

    a. A single jointly submitted set of jury instructions and a single jointly submitted jury interrogatory form must be attached to the Pre-Trial Order.

b. Any dispute concerning a jury instruction or interrogatory must be noted, with proper page-specific cites to the jurisprudence being relied upon to support each party's position. If the dispute is one of fact to be proven at trial, the fact at issue shall be identified, and the language for an instruction supporting each factual scenario shall be attached noting its application to that fact, if found. The parties must be prepared to discuss disputes as to jury instructions and jury interrogatories at the pre-trial conference.

c. Jury instructions taken from the Fifth Circuit Pattern Instructions, or the Louisiana Pattern Civil Jury Instructions (*see* 18 La. Civ. L. § 1:1, et seq.), may be identified by number only and citation to the edition of the volume used.

d. Proposed voir dire questions specific to a party or issue must be attached to the Pre-Trial Order.

**For Bench Trials:**

Each party's proposed findings of fact and conclusions of law must be attached to the Pre-Trial Order. The conclusions of law from plaintiff are to contain each claim made against each defendant, the remedy or remedies sought, the basis in law relied upon for those claims and remedies, and any jurisprudential gloss upon any statute or code article relied upon with the page cite of the specific language relied upon supporting or interpreting each of plaintiff's claims and remedies. Plaintiff is to cite the standard or burden of proof it must prove as to each claim, including any right to attorneys' fees. Defendants are to respond to plaintiff's claims in the same format, if possible, and additionally cite any affirmative defenses relied upon with the same level of specificity required for plaintiff (i.e., basis in law, jurisprudential gloss, etc.).

| | | |
|---|---|---|
| 1/8/2025<br>7 days before PTC | 9. | **Affirmation of Settlement Discussions.** Absent any superseding order of the Court requiring a settlement conference or mediation, on or before this date, with or without a third-party mediator, *counsel* must meet in person (unless prior permission otherwise is obtained from the Court) and conduct settlement discussions and negotiations. An affirmation must be filed with the Clerk of Court by this date, setting forth the date counsel conducted settlement discussions. The affirmation should <u>not</u> disclose any monetary amounts discussed. |
| 1/8/2025<br>7 days before PTC | 10. | **Trial Depositions.** Depositions authorized by the Court for use at trial, if any (see below), shall be edited to remove nonessential, repetitious, and unnecessary material, as well as objections and colloquy of counsel. A copy of edited trial deposition transcripts shall be included in the bench books. All objections thereto must be filed and briefed by this deadline. Objections to deposition testimony will be waived unless submitted along with the deposition transcripts. |
| 1/27/2025<br>7 days before Trial | 11. | **Bench Books.** The parties shall deliver two bench books to chambers for use by the judge and law clerk at trial. The bench books should be tabbed and indexed with a cover sheet on which each party is to state all objections to the admissibility of exhibits. A third copy of the bench book shall be placed at the witness stand on the morning of the trial for use by testifying witnesses. The original exhibits must be entered into evidence at trial. After trial, the exhibits actually admitted into evidence must also be submitted on a flash drive or DVD. |
| 1/27/2025<br>7 days before Trial | 12. | **Real Time Glossary.** The real time glossary shall be delivered to the Clerk of Court in Lafayette by this date, for transmittal to the court reporter. The glossary shall contain all "key word indexes" from all depositions taken in the case, all witness lists, all exhibit lists, and copies of all expert reports, as well as any other technical, scientific, medical, or otherwise uncommon terms that are likely to be stated on the record during trial.<br><br>**Real-Time**. Real-time is available, and arrangements must be made with the Judge's court reporter at least one week prior to trial. |

**Trial Testimony:**  Testimonial evidence offered as part of a party's case-in-chief **shall be presented by live testimony** of the witness(es) absent leave of Court.  Deposition testimony is disfavored by the Court and will only be authorized for good cause shown.

**Informal Dispute Resolution:**  The parties are encouraged to contact the Court at any time in the process if the parties believe that court intervention would help resolve any dispute, including settlement of the entire proceeding.  See below "Communicating with the Court," for contact guidelines and information.

**Status Conference and Pre-Trial Conference:**  Telephonic status conferences will be scheduled before the Magistrate Judge periodically.  The purpose of a status conference is to discuss with the Court any difficulties that might preclude the matter from proceeding to trial as ordered as well as potential, informal resolution of those issues.

Your pre-trial conference is scheduled before the Honorable David C. Joseph on the date designated in the Electronic Scheduling Order to which this is attached.  **Lead counsel is to be present in chambers for that conference.**  Please be prepared to discuss procedural questions, evidentiary problems, and any other issues about which the Court should be aware and that could assist chambers in preparing your case for trial.

**Continuances:**  Motions to continue a trial date, even if agreed upon by the parties, are disfavored by the Court absent compelling circumstances. See also Standing Order in Civil and Criminal Cases. True conflicts in counsel's trial calendars may be addressed with the Court at the pre-trial conference.

**Filing Instructions:**  E-Filing is mandatory in the Western District of Louisiana.  In an emergency, printed materials may be filed with the Clerk of Court's Office in any division of the Western District.

**Extensions:**  No Scheduling Order deadline will be extended unless for good cause and only in the interest of justice.

**Communicating with the Court:**  Notwithstanding mandatory e-filing here in the Western District of Louisiana, the parties are welcome to contact the Court by telephone, mail, or e-mail at joseph_motions@lawd.uscourts.gov.  All written communication must be copied to opposing counsel and any telephone conference must include all parties involved.

A copy of any dispositive motions, *Daubert* motions, or Motions in Limine, as well as a copy of the Pre-Trial Order (with all required attachments) shall be **e-mailed to** joseph_motions@lawd.uscourts.gov  in Word format and **sent via hard copy** to chambers.

All matters that must be exchanged among counsel must be exchanged by hand delivery or certified mail, unless all counsel agree otherwise, IN WRITING, or unless this Court orders otherwise.

-6-

  All deadlines in this Order are case specific and override any deadlines for the same matter found in an applicable rule of civil procedure.  All other deadlines in the Federal Rules of Civil Procedure shall govern this case and shall be enforced by this Court.  Counsel should note Rule 26 and Rule 37(c)(1).

  This Court will enforce Fed. R. Civ. P. 30, particularly Rule 30(a)(2)(A) (the ten-deposition rule), and Rule 30(d)(1) (the rule limiting depositions to one day/seven hours), absent written stipulation of the parties or court order.  This Court shall enforce Rule 26 unless changed by case-specific order or by subsequent court order.

  THUS, DONE AND SIGNED in chambers on this 29th day of January, 2024.

             David C. Joseph
             U. S. District Judge

# PRE-TRIAL ORDER REQUIREMENTS

United States District Judge David C. Joseph

1. **Jurisdictional Basis.**

    The jurisdictional basis for all claims shall be explained.

2. **Claims and Responses.**

    Any party asserting a claim shall identify the following, as to each claim: (1) the law and any contractual provision supporting the claim; (b) the remedy prayed for as to each defendant; and (c) the law supporting that remedy as to that defendant.  This requirement applies to all counterclaims, cross-claims, third-party claims, and interventions, and the parties shall state whether they have stipulated to any intervention.

    Each party against whom a claim has been asserted shall provide the following information: (a) the basis or lack thereof for each claim; (b) all affirmative defenses asserted and the legal bases therefor; (c) whether the dispute in question is one of law, fact, or contractual interpretation; and (d) the law supporting the responses.

    If a bench trial is scheduled, the information regarding claims and responses contained in this section shall be supplemented by page-specific citations to supporting jurisprudence as to each claim, remedy, defense, and allegation.

    FAILURE TO INCLUDE A CLAIM OR DEFENSE IN THIS ORDER WILL CONSTITUTE ABANDONMENT OF THE CLAIM OR DEFENSE.

3. **Issues of Fact and Issues of Law.**

    Identify any TRUE issues of fact or law that remain unresolved as of the pre-trial conference.

4. **Stipulations.**

    List any matters to which the parties have stipulated.  Counsel are encouraged to stipulate to as many factual and legal issues as possible in the interest of reducing costs and delays at trial.  If the matter will be tried by a jury, counsel shall state whether the stipulations are to be read to the jury.

5. **Will Call Witnesses.**

    Each party shall set out a will-call witness list that conforms to the requirements of Fed. R. Civ. P. 26(a)(3)(A) and include a brief summary (no more than two to three sentences) of

the subject matter to which each witness will testify.  Witnesses who are called exclusively for impeachment need not be listed.  Counsel are to omit or redact any personal identifiers, in conformity with Fed. R. Civ. P. 5.2 and LR 5.7.12.

6. **May Call Witnesses.**

Each party shall set out a may-call witness list that conforms to the requirements of Fed. R. Civ. P. 26(a)(3)(A) and include a brief summary of the subject matter to which each witness will testify.  Counsel are to omit or redact any personal identifiers, in conformity with Fed. R. Civ. P. 5.2 and LR 5.7.12.

7. **Exhibits.**

Each party shall set out an exhibit list, identifying the exhibits the party **will use** at trial, including demonstrative or summary exhibits, and conforming to the requirements of Fed. R. Civ. P. 26(a)(3)(A)(iii).  Counsel are to omit or redact any personal identifiers, in conformity with Fed. R. Civ. P. 5.2 and LR 5.7.12.

8. **Objections to Witness and Exhibit Lists.**

Each party shall list any objections to the witness list or exhibit list of another party, including those objections contained in Fed. R. Civ. P. 26(a)(3)(B).  ANY OBJECTIONS NOT SPECIFICALLY STATED IN THE PRE-TRIAL ORDER ARE DEEMED WAIVED UNLESS EXCUSED BY THE COURT FOR GOOD CAUSE SHOWN.  If an exhibit has been objected to, a copy of the disputed exhibit must be made available for review at the pre-trial conference.

9. **Counsel Affirmations.**

Counsel for each party shall affirm:

a. That he or she is aware that exhibits are to be published to the jury by use of the Visual Presenter or a portable data storage device (e.g., flash drive, DVD, etc.) unless consent of this Court is obtained upon a showing of impracticality or prejudice.

b. That he or she is familiar with the operation of the electronic equipment available in the courtroom or note the date he or she has scheduled training with the Courtroom Deputy for the Western District of Louisiana.

c. The need, if any, for handicap provisions that are provided by the Court.